IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAVERT ROBERSON, JR.,

    **Plaintiff,**

    v.                                                                       3:11-CV-01219-M-BK

DOUG MILLICAN, Assistant District
Attorney and CRAIG WATKINS, District Attorney,

    **Defendants.**

### FINDINGS, CONCLUSION AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management. Defendants removed this action, which raised federal and state constitutional claims, to federal district court in June 2011. (Doc. 2; Doc. 3, Plaintiff's *Original Petition*). The cause is now before the Court on Defendants' *Motion for Judgment on the Pleadings* (Doc. 18). For the reasons set forth below, the Court recommends that the motion be granted.

**I.    PROCEDURAL HISTORY**

Plaintiff's state and federal constitutional claims against Defendants arise from his indictment and prosecution in a state court criminal case. (Doc. 3, Plaintiff's *Original Petition* at 1-2). Plaintiff alleged in his *pro se* complaint that Defendants maliciously prosecuted him when they tried to pressure him into pleading guilty to a "fabricated crime." Plaintiff claimed that Defendants violated his rights by detaining him in the Dallas County Jail for over two years before finally dismissing the charges. (*Id.* at 1). He contended that this cost him $37,000 in attorneys' fees, and he suffered a mental breakdown. (*Id.* at 1-2). Plaintiff sought (1) an injunction to prohibit Defendants from using such illegal practices against others, (2) $37,000 in

compensatory damages, and (3) $200,000 in punitive damages. (*Id.* at 7).

Pursuant to Defendants' request, the undersigned directed Plaintiff to file a reply elaborating on his claims, pursuant to Federal Rule of Civil Procedure 7(a). (Doc. 6; Doc. 16). Plaintiff replied that Defendants had "acted under color of state law, in their judicial/prosecutorial and individual capacities" by moving him from a Texas prison, where he was serving a 75-year sentence, to the Dallas County Jail and detaining him there for over two years while they pressured him to plead guilty. (Doc. 17 at 2, 5, 7-8). Plaintiff claimed that although the state's key witnesses made it known in March 2009 that they would not testify against him, Defendants waited approximately 41 more days before dismissing the charges due to lack of evidence. (*Id.* at 7-8). Plaintiff alleged that such conduct constituted an illegal conspiracy to violate his constitutional rights. (*Id.* at 4-7).

## II.   MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants have now filed a *Motion for Judgment on the Pleadings* (Doc. 30) pursuant to Federal Rule of Civil Procedure 12(c). Defendants argue that they enjoy prosecutorial immunity from Plaintiff's civil damage claims for the actions they took in connection with his criminal prosecution. (Doc. 18 at 5). Defendants maintain that Plaintiff is not entitled to injunctive relief because he has failed to plead sufficient facts, and the Court should dismiss Plaintiff's supplemental state law claims without prejudice. (*Id.* at 6-7).

Plaintiff responds that Defendants' actions in pressuring him to plead guilty constituted an unconstitutional municipal custom or practice, and Defendants are not entitled to immunity because they acted outside their prosecutorial functions in injuring him. (Doc. 31 at 3-4, 6, 8-10). Plaintiff claims that an injunction is necessary to prevent the same thing from happening to

2

other people, and he asks this Court to remand his case to state court. (*Id.* at 12, 15).

## III.   ANALYSIS

The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Under that standard, a plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Nevertheless, Prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process, including initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431-32 (1976). Thus, to the extent Plaintiff requests monetary damages, both Defendants are absolutely immune from liability. To the extent Plaintiff asserts that he is entitled to damages based on a theory of municipal liability, he may not recover damages because he has not sued any government entity.

3

*See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978).

As to Plaintiff's request that the Court enter an injunction to prevent others from suffering the same alleged damages Plaintiff incurred, he lacks constitutional standing to seek injunctive relief for the benefit of some unknown third party, and his request for an injunction is based on mere speculation that such an injury will ever occur again. *Barrows v. Jackson*, 346 U.S. 249, 255 (1952) (discussing standing in regard to third parties); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (discussing standing requirement of real and immediate injury).

Finally, remand of Plaintiff's state law constitutional and malicious prosecution claims is warranted. The Court must decline to exercise supplemental jurisdiction if a balancing of the factors set forth in 28 U.S.C. § 1367 is in Defendants' favor. *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011). These factors include whether (1) the state claim raises a novel or complex issue of state law, (2) the state claim substantially predominates over the federal claims, (3) the district court has dismissed all federal claims, and (4) there are other compelling reasons for declining jurisdiction. *Id.* at 159; *see also Brookshire Bros. Holding, Inc. v. Dayco Products*, 554 F.3d 595, 602 (5th Cir. 2009) (noting that a court generally should decline to exercise jurisdiction over state claims when all federal claims are dismissed before trial). The court then must balance the common law factors of judicial economy, convenience, fairness, and comity in reaching a final decision. *Enochs*, 641 F.3d at 159.

With the exception of the fact that dismissal of the federal claims is warranted, the remaining factors in section 1367 weigh somewhat in favor of the Court retaining jurisdiction of Plaintiff's state claims. However, all of the common law factors weigh in favor of remand.

*Enochs*, 641 F.3d at 159; *see also Brookshire Bros.*, 554 F.3d at 602 (general rule is to dismiss state claims if all federal claims are dismissed before trial). Moreover, Plaintiff requests a remand of his case to state court. (Doc. 31 at 15). Accordingly, Plaintiff's state law claims should be remanded to the state court from which they were removed, particularly since Plaintiff would now be barred by the applicable statute of limitations from filing such claims anew in state court. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 352 (1988) (noting that a remand is generally preferable to a dismissal when the statute of limitations has expired before the federal court has decided to dismiss the federal claims); TEX. CIV. PRAC. & REM. CODE § 16.003(a) (establishing two-year statute of limitations for personal injury actions).

**SO RECOMMENDED** on December 15, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE